Honorable William P. Hobby Lieutenant Governor of Texas P.O. Box 12068, Capitol Station Austin, Texas 78711
Re: Whether a home rule city may provide for a four-year term for officials of single-member districts
Dear Governor Hobby:
You ask whether a home rule city may amend its charter to provide for a four-year term for city council members if those officials are elected from single-member districts.
Section 11 of article XI of the Texas Constitution provides, in pertinent part:
 A Home Rule City may provide by charter or charter amendment, and a city, town or village operating under the general laws may provide by majority vote of the qualified voters voting at an election called for that purpose, for a longer term of office than two (2) years for its officers, either elective or appointive, or both, but not to exceed four (4) years; provided, however, that tenure under Civil Service shall not be affected hereby.
. . . .
 A municipality so providing a term exceeding two (2) years but not exceeding four (4) years for any of its non-civil service officers must elect all of the members of its governing body by majority vote of the qualified voters in such municipality. . . . (Emphasis added).
When section 11 of article XI was approved by the voters in November 1958, single-member districts for city council members were not common. Thus, it was clearly not within the contemplation of the voters, in approving the amendment, to rule out the possibility of four-year terms for persons elected from single-member districts. The purpose of the underscored language of the amendment was only to ensure that a majority vote, rather than a plurality vote, of the qualified voters so voting is necessary in an election for members of the governing body of a home rule city; the amendment was not intended to address whether such members were to be elected at large or by district. See Braden, ed., The Constitution of the State of Texas: An Annotated and Comparative Analysis, Vol. II, p. 701.
We note that the amendment declares that, when a municipality adopts four-year terms, its councilmen must be selected by majority vote of the "qualified voters in such municipality." In a single-member district, the only "qualified voters" are those persons who live within the geographical boundaries of that district. We therefore construe section 11 of article XI as not prohibiting the adoption of four-year terms for municipal officials elected from only a portion of a municipality, i.e., single-member districts. The underscored language of section 11 requires only that any election for members of the governing body of a home rule city be by majority vote of the qualified voters so voting.
Our construction of article XI, section 11 is consistent with federal statutes and judicial decisions which, in some instances, have required the adoption of single-member districts. See42 U.S.C. § 1973c, et seq.; Beer v. United States, 425 U.S. 130, 141
(1976); Allen v. State Board of Elections, 393 U.S. 544, 569
(1969). An interpretation of the amendment which ruled out the possibility of four-year terms for persons elected from single-member districts would unnecessarily penalize a city which complied with federal law, and thus might itself run afoul of the United States Constitution. We conclude that a home rule city is authorized to adopt four-year terms for municipal officials elected from single-member districts.
 SUMMARY
A home rule city is authorized by article XI, section 11 of the Texas Constitution to adopt four-year terms for municipal officials elected from single-member districts.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General